BLD-065                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2488
_____

JESUS OROZCO-ARROYO,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A215-589-341)
Immigration Judge: Kuyomars Q. Golparvar
_____

Submitted on Respondent's Motion to Dismiss, in Part,
and for Summary Action on December 12, 2019

Before: AMBRO, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: January 6, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Jesus Orozco-Arroyo seeks review of a final order of removal issued by the Board of Immigration Appeals (BIA). The Government has moved to dismiss in part, and summarily deny in part, the petition for review. We will grant the motion. See Third Circuit LAR 27.4 and I.O.P. 10.6.

Orozco-Arroyo is a citizen of Mexico who entered the United States without permission in approximately 2001, at the age of three, and has remained since. In April 2018, he pleaded guilty to use and possession of drug paraphernalia in violation of Pa. C.S.A. § 780-113(a)(32), and in May 2018, he was convicted of theft by unlawful taking in violation of 18 Pa. C.S.A. § 3921(a). He was detained by the Immigration and Customs Enforcement Agency, and the Department of Homeland Security issued a notice to appear charging him as removable as an alien present in the United States without being admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i), and as an alien convicted of a crime involving moral turpitude, 8 U.S.C § 1227(a)(2)(A)(ii). An immigration judge (IJ) sustained the first charge of removability, but not the second, as Orozco-Arroyo's conviction was pending on direct appeal. The IJ also denied Orozco-Arroyo's motion to terminate the proceedings in which he argued that, because the Notice to Appear (NTA) did not state a definite time and date to appear, the IJ lacked jurisdiction over the immigration proceedings pursuant to Pereira v. Sessions, 138 S. Ct. 2105, 2113-14 (2018). Orozco-Arroyo applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

2

After a hearing, at which Orozco-Arroyo testified, the IJ denied all relief.  The IJ found that the application for asylum was untimely because it was not filed within a reasonable period after Orozco-Arroyo reached the age of majority, and there were no extraordinary circumstances related to the delay.  See 8 U.S.C. §§ 1158(a)(2)(B), (a)(2)(D).  The IJ also determined that Orozco-Arroyo had not established a sufficient basis for withholding under the Act, or for relief under the CAT.  Orozco-Arroyo was ordered removed to Mexico.  The BIA affirmed the IJ's decision and dismissed the appeal.  Orozco-Arroyo filed a timely petition for review and has moved to stay his removal.  The Government opposes the stay and has filed a motion to dismiss the petition in part for lack of jurisdiction, and to summarily deny in part.

In its motion, the Government argues that this Court lacks jurisdiction to consider Orozco-Arroyo's petition to the extent he seeks review of the Agency's determination that his asylum application was untimely.  We agree.  We lack jurisdiction to consider any "factual or discretionary determinations" regarding whether an asylum claim was untimely or if any exception to the one-year bar applied.  Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006); see 8 U.S.C. § 1158(a)(3).  Our review of this issue is limited to constitutional claims or questions of law.  See Sukwanputra, 434 F.3d at 633-34; 8 U.S.C. § 1252(a)(2)(D).  Orozco-Arroyo maintains that the Agency failed to consider as extraordinary circumstances the fact that he was still in high school at the time of his detention and that he filed for asylum within months of retaining counsel.

3

Such a claim does not state a colorable violation of the Constitution. See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) (determining that it lacked jurisdiction over a claim that the IJ "ignored certain evidence" as part of the extraordinary circumstances analysis under § 1158(a)(2)(D)). Accordingly, we lack jurisdiction to consider it.[1]

We have jurisdiction to review Orozco-Arroyo's other claim that the Board committed legal error in determining that the NTA's deficiencies did not deprive the immigration court of jurisdiction. The Government is required to serve aliens in removal proceedings with a written NTA specifying "[t]he time and place at which the [removal] proceedings will be held." 8 USC § 1229(a)(1)(G)(i). Under the regulations, "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court[.]" 8 C.F.R. § 1003.14(a). In Pereira, the Supreme Court held that an NTA that fails to specify the time and place of the proceedings "is not a 'notice to appear under section 1229(a)'" for purposes of triggering the cancellation-of-removal statute's stop-time rule. 138 S. Ct. at 2113-14. Orozco-Arroyo argues, in reliance on Pereira, that because his NTA was deficient, jurisdiction never vested with the IJ. We have rejected this argument, however, joining

---

[1] We note that, even if this claim were colorable, we would still lack jurisdiction to consider it because Orozco-Arroyo failed to exhaust it. See Lin v. Att'y Gen., 543 F.3d 114, 120 (3d Cir. 2008) (noting that this Court lacks jurisdiction to consider an issue that was not exhausted before the agency). He raised the claim on appeal to the Board, which determined that it had been waived because the only basis he provided to the IJ to explain the delay in filing the asylum application was the changed circumstances in Mexico.

4

every other circuit court which has addressed it in limiting <u>Pereira</u>'s holding to the stop-time rule context. <u>See</u> <u>Nkomo v. Att'y Gen.</u>, 930 F.3d 129, 133-34 (3d Cir. 2019) (citing cases).[2] Accordingly, his claim is unavailing.

Based on the foregoing, we will grant the Government's motion and dismiss in part, and summarily deny in part, the petition for review. Petitioner's motion for a stay of removal is denied. The Government's motion to expedite is denied. <u>See</u> 3d Cir. L.A.R. 4.1 (explaining that a request for an expedited ruling on a case must be supported by an "exceptional reason that warrants expedition").

---

[2] Orozco-Arroyo acknowledges that we are bound by <u>Nkomo</u>, <u>see</u> 3d Cir. I.O.P. 9.1, but he argues that it is "irreconcilable with <u>Pereira</u>." We note that we recently denied en banc consideration of our decision in <u>Nkomo</u>. <u>See</u> C.A. No. 18-3109 (order entered October 30, 2019).